**In re Theodore & Lucille TARKOWSKI, Debtor.**

**Bankruptcy No. 88–09004.**

United States Bankruptcy Court, E.D. Michigan, N.D.

Aug. 25, 1989.

---

John J. McQuillan, Bay City, Mich., for examiner.

Conrad J. Morgenstern, U.S. Trustee by Stephen E. Spence, Staff Atty., Bay City, Mich.

## MEMORANDUM OPINION ON APPLICATION FOR COMPENSATION BY ATTORNEY FOR EXAMINER

ARTHUR J. SPECTOR, Bankruptcy Judge.

On February 27, 1989, the law firm of Learman, Peters, Sarow & McQuillan, filed an application for allowance of compensation and reimbursement of expenses incurred as attorney for the examiner, Randall L. Frank. At the hearing on the application, the Court denied the application on the grounds that there is no provision in the Bankruptcy Code allowing compensation for professionals retained by an examiner. For the reasons which follow, the Court now, *sua sponte*, reconsiders its earlier decision.

On January 7, 1988, Theodore and Lucille Tarkowski filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Thereafter, pursuant to 11 U.S.C. § 1104(b), upon the motion of an unsecured creditor, the Court entered an order ap-

pointing Randall L. Frank (the person selected by the United States trustee) to be examiner. The order, entered on July 14, 1988, was entitled "Order Appointing Examiner to Investigate Affairs of Debtors". However, the last sentence of the two-page order added something which was not denoted in its title. The last sentence stated: "IT IS FURTHER ORDERED AND ADJUDGED that the Examiner may employ Learman, Peters, Sarow & McQuillan as attorneys to assist in the performance of his duties." The order was approved as to form and content by the United States trustee and by Learman, Peters, Sarow & McQuillan, who drafted it. No application for such appointment appears in the file nor does an affidavit of disinterestedness.[1] The law firm then provided services to, and incurred expenses for, the examiner for which it sought $928.00 compensation and $24.60 reimbursement.

At the hearing on the application, held on April 13, 1989, we noted that the section empowering a court to authorize a bankruptcy estate to pay professionals, 11 U.S.C. § 330, limits its application to an "award to a trustee, to an examiner, to a professional person employed under § 327 or § 1103 of this title, or to the debtor's attorney ...". The applicant was not the examiner himself, but was a professional person employed by the examiner. However, § 327 speaks about the *trustee's* employment of a professional person and nowhere refers to the right of an examiner to obtain professional assistance. Similarly, § 1103 refers to the right of an official creditors' committee to hire professionals; it does not provide for the appointment of professionals to assist an examiner. For this reason, it appears that a court is without statutory authority to award compensation from a bankruptcy estate to a person employed as an examiner's attorney, accountant or other professional. *See 5 Collier on Bankruptcy,* ¶ 1104.04[2] (15th ed. 1989); *In re Tighe Mercantile, Inc.,* 62 B.R. 995, 15 C.B.C.2d 85 (Bankr.S.D.Cal. 1986). For that reason we denied the appli-

---

**1.** The omission is perhaps understandable since Bankruptcy Rule 2014(a) requires the filing of such documents only for appointment of professionals under § 327 or § 1103 of the Bankrupt-

cy Code. For reasons stated *infra,* an attorney for an examiner is not appointed pursuant to either statute.

cant the award it sought. As *Collier* explains:

> Section 1104(c) provides for the appointment of a disinterested person as examiner pursuant to an order for the appointment of an examiner under section 1104(b). As has previously been noted, the term "disinterested person" has been defined in section 101 and the term "person" includes individuals, partnerships and corporations.... Since there are no other provisions of the Code specifying additional standards for eligibility for examiners, partnerships as well as individuals and corporations, are eligible for appointments.
>
> Not only are partnerships eligible as appointment for examiners in chapter 11 cases, but it can be argued that partnerships, as well as corporations, may have an advantage with respect to their capacity to serve as examiners in large reorganization cases. While the United States trustee is free to appoint an individual as examiner in any case where such appointment is necessary, consideration should be given to the fact that the Code does not provide any authority for retention by the examiner for professional persons to assist in the investigation. Among the likely candidates would be law firms and accounting firms. If the court appoints an accounting firm and does not authorize retention of counsel, such firm will be handicapped if the investigation requires the examiner to subpoena witnesses and examine persons, including officers and directors of the debtor corporation, who have knowledge of the debtor's affairs. If the examiner must act as a self-sufficient unit, it would seem likely that the United States trustee should consider the appointment of a law firm as examiner if an in-depth investigation is required.

■ Although we believe there is a strong likelihood that we never recognized that the last sentence of the order appointing the examiner also authorized the appointment of an attorney "to assist" him, upon reconsideration, we recognize the unfairness of the result we mandated last April. To have, on the one hand, signed (even unwittingly) an order authorizing the applicant's appointment and on the other, denied it compensation for the services it ultimately performed, is simply unfair. Although it does appear that *Tighe* and the comment in *Colliers* are correct—there is no statutory basis for authorizing the appointment of a professional to assist an examiner—the hearing on compensation was not the appropriate time to first raise the issue. Therefore, we reconsider our previous ruling, and hold that § 105 of the Bankruptcy Code empowers us, on the unique facts of this case [2] to permit the estate to pay the applicant its fees and expenses. *Cf. Tighe*, 62 B.R. at 1000.

Finally, as we stated in the last hearing, the fees and the expenses sought are reasonable in amount and, but for the technical legal issue noted, should be allowed. For this reason, an order will enter contemporaneously herewith authorizing the estate to pay compensation of $928.00 to Learman, Peters, Sarow & McQuillan and to reimburse it expenses in the amount of $24.60.

---

**2.** Neither the United States trustee nor any party in interest objected to the application for compensation. The United States trustee expressly entered his approval as to form and content of the order in which the law firm was "appointed".